IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry D. Davis, #197349, | ) | C/A No.: 1:15-307-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden of Livesay Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Terry D. Davis is an inmate at the Livesay Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 23, 24]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by August 6, 2015. [ECF No. 25]. Petitioner filed a timely response. [ECF No. 27]. Petitioner also filed (1) a motion for a new trial [ECF No. 28], which Respondent opposes [ECF No. 31]; and (2) a motion for summary judgment [ECF No. 29], which Respondent opposes [ECF No. 30]. After having carefully considered the parties' submissions and the record in this case, the undersigned recommends the court grant Respondent's motion for

summary judgment and deny Petitioner's motions for a new trial and for summary judgment.

I.      Procedural Background

Petitioner was indicted by the Barnwell County grand jury during the October 2010 term of court for possession of a weapon during a violent crime (2010-GS-06-0383) [ECF No. 23-37 at 2–3] and at the February 2010 term of court for assault and battery with intent to kill ("ABWIK") (2010-GS-06-0023). [ECF No. 23-36 at 2–3]. Petitioner was represented by Barry Thompson, Esq. at a jury trial on October 5, 2010, before the Honorable Doyet A. Early III, Circuit Court Judge. [ECF No. 23-1 at 1–77]. Following testimony from several witnesses, Petitioner pled guilty, *id.* at 63–72, and Judge Early sentenced him to concurrent sentences of 13 years for ABWIK and 5 years for the gun charge, *id.* at 77. Petitioner did not file a direct appeal of his convictions or sentences.

On January 18, 2011, Petitioner filed an application for post-conviction relief ("PCR") in which he alleged prosecutorial misconduct, judicial misconduct, and ineffective assistance of counsel. [ECF No. 23-2]. A PCR evidentiary hearing was held before the Honorable Edgar W. Dickson, Circuit Court Judge, on January 25, 2012, at which Petitioner and his counsel, Aimee Zmroczek, Esq., appeared. [ECF No. 23-7]. On April 5, 2012, Judge Dickson filed an order of dismissal. [ECF No. 23-8]. Petitioner timely filed a notice of appeal from the denial of PCR, and Robert M. Dudek, Esq., of the South Carolina Commission on Indigent Defense, Appellate Division, was appointed to represent him. Petitioner filed a pro se Rule 60(B)(3), SCRCP, motion pertaining to "fraud misrepresentation, or other misconduct of an adverse party." [Referenced in ECF

No. 23-9 at 1]. On or about May 7, 2013, Attorney Dudek sought to be relieved as counsel for reasons stated under seal. *Id.* at 1–3. On June 6, 2013, the South Carolina Supreme Court issued an order granting the motion "based on continued threats from petitioner" and stating that "[i]n light of petitioner's conduct, we decline to appoint another attorney to represent him in this matter." [ECF No. 23-10].

On June 11, 2013, the Clerk of Court of the South Carolina Supreme Court issued a letter to Petitioner informing him that he would "need to serve and file a petition for a writ of certiorari and appendix within thirty (30) days" of receiving the transcript and file from Attorney Dudek. [ECF No. 23-11]. On or after June 17, 2013, Petitioner filed a "Motion to Dismiss Appeal," claiming that the PCR appeal was filed without his consent. [ECF No. 23-12]. Petitioner claimed that the transcript of his trial was fabricated and contradicted the testimony of the witnesses such that "[t]here would be no meaningful appellate review." *Id.* at 2. Petitioner wrote:

> There will be no appeal taken. My Constitutional right was violated at the post-conviction hearing where the fabricated document was introduce by Aimee J. Zmrozek, Esquire my attorney. She deceive the Court and me. She denied me access to the Court. I'm not going to file an appeal knowing that my Constitutional Right was already violated. I want this appeal dismiss or grant me leave to make motion Rule 60(B) Fraud upon the Court.
>
> I will not allow my Constitutional Rights to continue to be violated. I inform Robert M. Dudek and Chief Justice Jean H. Toal of the situation dealing with my transcript. This is the last resort. The next step I will be filing a Constitutional Tort Claim dealing with my Constitutional Rights. I was denied access to the Court. I also have edvience at my hands. I just want justice serve.

*Id.* at 2–3.

On July 25, 2013, the South Carolina Supreme Court issued the following order:

> Petitioner moves to dismiss this matter. We are concerned that petitioner may not fully understand the ramifications of this request. If this appeal is dismissed as requested, such dismissal will be with prejudice, which, in addition to foreclosing any further review by this Court, may adversely impact petitioner's right to seek federal habeas corpus relief in the future. In addition, petitioner may raise any issues regarding the trial transcript used at the post-conviction relief hearing, which appears to be the basis for his request to dismiss this matter, in his petition to this Court if he chooses to proceed. Petitioner shall notify this Court within thirty days if he still wishes to dismiss this matter in light of the information we have provided regarding the consequences of that request.

ECF No. 23-13.

On or after August 5, 2013, Petitioner filed a "Motion Rule 60(B) SCRCP Fraud upon the Court." [ECF No. 23-14]. On September 11, 2013, the South Carolina Supreme Court issued an order denying Petitioner's 60(b) motion, [ECF No. 23-15].

On or after September 24, 2013, Petitioner filed a "Motion to Remand," arguing that his 77-page trial transcript differed from the 25-page transcript provided at the PCR evidentiary hearing. [ECF No. 23-17].

On November 6, 2013, the South Carolina Supreme Court issued the following order:

> By order dated July 25, 2013, in response to petitioner's motion to dismiss this matter, we advised petitioner of the ramifications of dismissing the appeal. Petitioner was also advised that he may raise any issues regarding the trial transcript used at the hearing on his application for post-conviction relief in his petition for a writ of certiorari if he chooses to proceed. Petitioner was directed to notify this Court within thirty days if he still wished to dismiss this matter in light of the information provided regarding the consequences of such action. Petitioner did not notify this Court of his intentions within the prescribed time period.

> Petitioner has now filed a motion to remand. The motion is denied. Moreover, no further motions regarding the trial transcript in this matter will be accepted for filing.
>
> In light of petitioner's failure to respond to this Court's earlier order addressing petitioner's motion to dismiss, it is presumed petitioner wishes to proceed with this matter. Accordingly, petitioner shall serve and file his petition for a writ of certiorari and the appendix within thirty days of the date of this order or the matter will be dismissed.

ECF No. 23-18.

On or after November 20, 2013, Petitioner filed a "Motion to Remand and Reconstructed Record," based on "the complete absence of the transcript of October 5, 2010." [ECF No. 23-19]. In the motion, Petitioner argues that Attorney Zmroczek provided a trial transcript at the PCR evidentiary hearing that was full of inaccuracies and omissions, notably the testimony of Petitioner and his wife/victim, Linda Glover. *Id.* at 2.

On December 23, 2013, the South Carolina Supreme Court issued an order denying Petitioner's 60(b) motion, SCRCP, and also dismissed the appeal based on his failure to timely file a petition for a writ of certiorari and an appendix as required by Rule 234, SCACR, and the court's order of November 6, 2013. [ECF No. 23-20]. The remittitur issued on January 9, 2014. [ECF No. 23-21].

Petitioner filed a second PCR application on March 27, 2014, in which he alleged newly discovered evidence, lack of subject matter jurisdiction and due process, and fraud upon the court. [ECF No. 23-22]. Petitioner filed an amended application on April 10, 2014, alleging additional grounds of ineffective assistance of PCR counsel, ineffective assistance of trial counsel (alibi witness), prima facie evidence, and involuntary unknowing plea. [ECF No. 23-23]. On May 8, 2014, Petitioner filed a second amended

application, furthering the grounds raised in the prior applications and adding a ground of gross miscarriage of justice. [ECF No. 23-24].

On August 22, 2014, the Honorable Perry M. Buckner, Chief Administrative Judge, filed a conditional order of dismissal finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed as untimely and successive. [ECF No. 23-28]. Petitioner filed an objection on August 14, 2014, claiming he had newly discovered evidence in the form of a "fabricated trial transcript." [Referenced in ECF No. 23-29 at 1]. On February 25, 2015, Judge Buckner filed a final order dismissing Petitioner's second PCR application with prejudice, finding that relief on the basis of newly discovered evidence following a guilty plea is appropriate only when (1) the newly discovered evidence was discovered after the entry of the plea and, in the exercise of reasonable diligence, could not have been discovered prior to the entry of the plea, and (2) the newly discovered evidence is of such weight and quality that, under the facts of circumstances of that particular case, the "interest of justice" requires the guilty plea be vacated, citing *Jamison v. State*, 765 S.E.2d 123, 129 (S.C. 2014). *Id.* at 2. The order noted that in South Carolina, "a guilty plea constitutes a waiver of nonjurisdictional defects and claims of violations of constitutional rights." *Id.*, quoting *State v. Rice*, 737 S.E.2d 485, 485-86 (S.C. 2013).

Petitioner filed a third PCR application on September 22, 2014 [ECF No. 23-30]. On November 4, 2014, Petitioner amended his application [ECF No. 23-32], and filed a Rule 29(B), SCRCP, motion for a new trial based on after-discovered evidence [ECF No. 23-31]. On March 25, 2015, the Honorable Maité Murphy, Chief Administrative Judge,

filed a conditional order of dismissal finding the application was untimely, successive, and barred by *res judicata*, and giving Petitioner 20 days to explain why the application should not be dismissed. [ECF No. 23-34]. On June 11, 2015, Judge Murphy entered a final order dismissing Petitioner's third PCR application with prejudice. [ECF No. 23-35].

On January 20, 2015, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-1 at 2].[1]

II.     Discussion

   A.     Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**     Denied Due Process Law of The U.S. Const. Amend. 14.

   Supporting Facts: Fraud upon the court. The introducing of fabricated evidences into the courtroom during the evidentiary hearing January 25, 2012, attorney Aimee J. Zmroczek entered into a corrupt agreement with prosecuting attorney with the intent to deceive the defendant and defraud. The court of Common Pleas by introducing falsified evidence a (fraudulent transcript) during litigation at the (PCR) Evidentiary Hearing committing Fraud upon the Court. Denied access to court.

**Ground Two:**     Involuntary Guilty Plea not knowingly and voluntarily or intelligently made and ineffective assistance of counsel.

   Supporting Facts: Counsel was ineffective for failing to advise me of the charges. There is knowing and voluntary waiver of statutory or constitutional right established by a complete record on a guilty plea,

---

[1] The petition was received by the court on January 22, 2015, and docketed on January 23, 2015. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Ridgeland Correctional mailing system on January 20, 2015. [ECF No. 1-1 at 2].

|                |                                                                                                                                                                                                                                                                                                                                                                                                                               |
|----------------|-----|

and there is colloquy between the court and defendant, between court and defendant.

**Ground Three:**   Ineffective Assistance of Counsel In violation of the 6 and 14 of U.S.C.A.

Supporting Facts: 1. Counsel denied the defendant right to confront and cross examine victim Linda Glover during trial, and cross examine the state evidence of a knife during trial. Counsel also denied the defendant the right to a fair trial due to inadequate case preparation. He also failed to do any type of investigation into the facts. Counsel failed to pursue a defense available to defendant.

**Ground Four:**   Lack of Subject Matter Jurisdiction.

Supporting Facts: Circuit Court lacked subject matter jurisdiction to accept defendant guilty plea since defendant has neither been indicted nor waived presentment of that charge.

[ECF No. 1-2 at 5-10 (errors in original)].

B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

C.     Analysis of AEDPA Bar

1.     AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the

limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court

expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner was found guilty and was sentenced on October 5, 2010. [ECF No. 23-1 at 63–77]. At that point, Petitioner had ten days within which to file a notice of appeal, but he failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Petitioner's conviction became final on October 15, 2010. Accordingly, Petitioner's one-year statute of limitations period began running on October 16, 2010.

Petitioner's filing of his first PCR action on January 18, 2011, tolled the statute of limitations after a lapse of 95 days, leaving 270 days of untolled time. On December 23, 2013, the South Carolina Supreme Court dismissed the PCR appeal based on Petitioner's failure to timely file a petition for a writ of certiorari and an appendix as required by Rule 234, SCACR. [ECF No. 23-20]. Petitioner's conviction became final on January 7, 2014, upon his failure to file a motion to reinstate his appeal. *See* Rule 260(a), SCACR (setting a 15–day limit in which to file a motion to reinstate when an appeal has been dismissed

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

for failure to comply with appellate court rules).

The AEDPA clock resumed on January 8, 2014, and after the passage of 270 days, Petitioner had until October 6, 2014, to timely file his federal habeas petition. Instead, Petitioner filed his petition on January 20, 2015, several months too late.

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 659 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

#### a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this petition in no manner suggests that he diligently pursued his rights. Although Petitioner has consistently challenged the discrepancy between the trial transcript presented at his PCR evidentiary hearing and the actual transcript, arguing his testimony, and that of his wife, were inaccurate, Petitioner has failed to avail himself of

the opportunities to raise properly this and other claims in the proper forum, despite repeated warnings of the South Carolina Supreme Court of the hazards of failing to do so.

Petitioner's filing of successive PCR applications did not toll the statute of limitations. *Pace*, 544 U.S. at 417 (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

### b.     Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned finds that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that

could entitle Petitioner to equitably toll the AEDPA's statute of limitations. Further, although Petitioner has challenged the accuracy of the trial testimony, he has not contested the accuracy of his guilty plea colloquy.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment [ECF No. 24]. Further, the undersigned recommends the court deny Petitioner's motions for a new trial [ECF No. 28] and for summary judgment [ECF No. 29].

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

September 15, 2015                              Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).