IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terry D. Davis, #197349, | C/A No. 1:15-307-JFA |
| Petitioner, | |
| v. | |
| Warden of Livesay Correctional Institution, | **ORDER** |
| Respondent. | |

Terry D. Davis ("Davis") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at Livesay Correctional Institution of the South Carolina Department of Corrections. Davis alleges that his Constitutional rights have been violated because the transcript of his trial was fabricated at his post-conviction hearing. (ECF No. 1). Specifically, he alleges that his attorney entered into a corrupt agreement with the prosecuting attorney with the intent of deceiving him and defrauding the court. *Id*. Davis further alleges that his guilty plea was not entered into knowingly and voluntarily and that there was no plea colloquy between the court and Davis.[1] (ECF No 1; ECF No. 34).

The Respondent filed a motion for summary judgment on July 1, 2015. (ECF No. 24). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Davis of the summary judgment and dismissal procedures and the possible consequences if he failed to respond to the Respondent's motion by August 6, 2015. (ECF No. 25). Davis filed a timely response on July 20, 2015. (ECF No. 27). On that date, Davis also filed a motion for a new trial (ECF No. 28) and a motion for summary judgment (ECF No. 29). The Respondent filed

---

[1] There is no evidence or factual basis for any of these claims made by Davis.

responses in opposition to both of Davis' motions on August 5, 2015. (ECF No. 29; ECF No. 30).

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this court should grant the Respondent's motion for summary judgment. (ECF No. 32). Further, the Report opines that this Court should deny Davis' motions for a new trial and for summary judgment. *Id*. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Davis was advised of his right to object to the Report, which was entered on the docket on September 15, 2015. Davis filed a response to the report on September 30, 2015, but failed to make any specific objections to the report. (ECF No. 34). Instead of making specific objections, Davis merely restated the claims in his complaint.[3] In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] The Magistrate's Report thoroughly discussed issues concerning the statute of limitations and the untimeliness of Davis' habeas filing. Davis did not respond to these issues whatsoever in his "motion to objection to report and recommendation." (ECF No. 34). Instead, Davis merely restated the claims that his trial transcript was fabricated and that he did not knowingly and voluntarily enter his guilty plea because there was no plea colloquy.

Recommendation and grants the Respondent's motion for summary judgment (ECF No. 24). Davis' motions for a new trial (ECF No. 28) and for summary judgment (ECF No. 29) are denied.

      IT IS SO ORDERED.

March 14, 2016                                                Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge